**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
- SAN ANTONIO DIVISION -**

| | | |
|---|---|---|
| **GERARDO MALDONADO, JR.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:19-cv-01390** |
| | § | **(JURY DEMANDED)** |
| **THE GEO GROUP, INC.** | § | |

---

**PLAINTIFF'S OPPOSED MOTION  TO EXTEND TIME
TO COMPLY WITH EXPERT/WITNESS/EXHIBIT DEADLINE**

---

TO THE HONORABLE JUDGE OF SAID COURT, Plaintiff files this Opposed Motion to Extend Time to Comply With Scheduling Order's Expert/Witness/Exhibit Deadline as more fully shown below.

## I.  INTRODUCTION

**1.**    This is an employment discrimination case for money damages.  Plaintiff is a former regional Director of Operations for Defendant, The GEO Group, Inc. ("GEO").  He brings suit asserting his termination was motivated by age, national origin, and retaliation discrimination under federal and state statutes. Plaintiff brings this Motion *after* the expiration of the Expert/Witness/Exhibit Deadline contained in this Court's Scheduling Order, seeking additional time to supplement in light of continuing discovery and a discovery deadline of March 26, 2021, as well as a dispositive motions deadline of May 28, 2021.

## II.  SUMMARY OF ARGUMENT

2.      Pursuant to FRCP (6) (b), there is  good cause to extend the deadline in this Court's Scheduling Order referenced as "Designation of Witnesses, Experts and Exhibits," which seek "potential" information for trial purposes.  Moreover, Plaintiff brings this Motion which pertains to discovery before the expiration of the March 26, 2021, discovery deadline as required by Local Rule CV-16 (d).

## III. PROCEDURAL HISTORY

3.      The following is the procedural history of this case as it pertains to discovery and relevant deadlines:

a.      Plaintiff filed his Original Complaint on November 29, 2019. Doc. 1.

b.      Plaintiff filed his First Amended Complaint on December 18, 2019.  Doc. 7.

c.      Defendant filed its Answer on February 13, 2020.  Doc. 12.

d.      The Western District of Texas issued a district-wide Notice on CORONA Disease (COVID-19) on March 12, 2020.

e.      The Western District of Texas issued an Order Regarding Court Operations Under the Exigent Circumstances Created By the COVID-19 Pandemic on March 13, 2020.

f.      The parties filed "Scheduling Recommendations" on March 19, 2020.   It is significant that the Scheduling Recommendations did not include "witness" or "exhibit" deadlines.  Doc. 18.

g.      The Western District of Texas issued an Order Regarding Court Operations Under the Exigent Circumstances Created By The COVID-19 Pandemic on March 20, 2020.

h.      The Court issued its Scheduling Order in this matter on March 23, 2020.  No trial date is provided by the Scheduling Order.   According to the Court's Scheduling Order, the parties' discovery deadline is March 26, 2021.  The dispositive motions deadline is May 28, 2021.

i.      The parties submitted their Joint Proposed Discovery Plan ("JPDP") Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure in May 2020.  See Doc 27.  According to the JPDP both parties were to exchange Initial Disclosures by July 24, 2020.  Doc. 27.

j.      Starting in June, the parties began informal settlement discussions, leading Plaintiff to forward a demand letter on June 18, 2020.  See Exhibit B.  The parties previously filed ADR reports on June 11, 2020.  Doc. 27 and Doc. 28.

k.      Plaintiff filed its Initial Disclosures with the Court on July 23, 2020, providing approximately 234 pages of information to Defendant.  Doc. 30.

l.      Six weeks later, Defendant responded with its counter-offer on July 31, 2020. See Exhibit C.   Unfortunately, parties were not able to reach an agreement.

m.      On August 5, 2020, Defendant provided its Initial Disclosures but did not attach supporting documentation.  See Exhibit D.

n.      Plaintiff requested Defendant's Corporate Representative with knowledge of the legitimate business reason supporting Mr. Maldonado's termination on August 28, 2020. See Exhibit E.

o.      Plaintiff filed his Designation of Experts on August 28, 2020.  Doc. 31. According to Plaintiff's Calendar this deadline was incorrectly calendared as "*Deadline to Designate Expert with Report and Exhibit (Do Not File Exhibits)*".  See Exhibit A, Affidavit

of Mauro F. Ruiz.

p.      Plaintiff forwarded its first set of Requests for Admissions to Defendant on September 21, 2020.

q.      Plaintiff forwarded its first set of Interrogatories and Requests for Production to Defendant on September 23, 2020.

r.      Plaintiff agreed to extend Defendant's objection and response deadline on October 20, 2020.  Defendant's new objection and response deadline was November 24, 2020.  See Exhibit F.

s.      Defendant filed its Witness, Exhibit and Expert List on October 30, 2020.

t.      Because there was no agreement regarding the scope of Defendant's protective order, Defendant did not produce documents on or by November 24, 2020, as previously agreed in Exhibit F.

u.      The parties agreed to the language of a protective order on December 12, 2020.  Doc. 42.

v.      Judge Bemporad signed the Protective Order on December 12, 2020.  See Doc. 43.

w.      Plaintiff received 1,142 pages on December 17, 2020.  See Exhibit G.  This was the first document produced by Defendant in the course of the litigation.

x.      Plaintiff received an additional 415 pages on December 18, 2020.  See Exhibit H.

y.      On Thursday, January 14, 2021, GEO's director of H.R. for the Central Region, Ms. Michelle Cottingham was deposed.

z.      Plaintiff received another 834 pages on January 15, 2021.  See Exhibit I.

aa.      Despite first requesting Defendant's corporate representative on August 28, 2020, Plaintiff was given dates in January 2021.  On Thursday, January 21 2021, Mr. James Black, Defendant's corporate representative, was finally deposed via Zoom.

bb.      In anticipation of a telephonic conference to address an amended scheduling order, Plaintiff forwarded a conference letter with the areas for discussion. See Exhibit J.

cc.      The undersigned counsel conferred with Ms. Robinson on via telephone on Monday, January 11, 2021 at 3:30 p.m.  with the express purpose of pursuing an amended scheduling order with new dates.  During the telephone conference, Ms. Robinson opposed my request for leave to file an amended scheduling order with all new dates.  Ms. Robinson did note that she did not oppose to extend unexpired deadlines.  Ms. Robinson objected to extend expired deadlines.  See Exhibit A.

dd.      On January 12, 2021, Plaintiff's counsel sent another conference letter asking to specifically amend the deadline for witness, experts and exhibits. See Exhibit K.

ee.      On January 15, 2021, Ms. Robison forwarded an email stating she is opposing any effort to extend expired deadlines.  Ms. Robinson noted she would not oppose a motion to extend unexpired deadlines.  See Exhibit L.

ff.      On January 22, 2021, Ms. Robinson forwarded another email stating she is opposing any effort to extend expired deadlines.  Ms. Robinson noted she would not oppose a motion to extend unexpired deadlines. See Exhibit M.

## IV. LEGAL STANDARD

**A.**      Federal Rule of Civil Procedure (6) (b)

**4.**      Under Rule 6, if a Motion for Extension of Time is made after the expiration of a deadline, a party must show that it failed to act because of excusable neglect.  See FRCP (6)(b)(1)(B).  Although inadvertence, ignorance, of the rules or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule (6)(b) is a somewhat elastic concept, and is not limited strictly to omissions caused by circumstances beyond the control of the movant.  See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 392 (1993).   Relevant factors to the excusable neglect inquiry include: (1) the danger of prejudice to the [non-movant], (2) the length of the delay, (3) the potential impact on the judicial proceedings, (4)  the reason for the delay, including whether (a) it was within the reasonable control of the movant, and (5) whether the movant acted in good  faith. See *Adams v. Travelers Indem. Co. Of Conn*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006).  Even if good cause and excusable neglect are shown, it nonetheless remains a question of the Court's discretion whether to grant any motion to extend time under Rule 6(b).  See *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010) (citing to *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990).

## V. Argument & Authorities

**A.      The Mistakes**

**5.**      A mistake was made by the undersigned counsel when the deadline was calendared in Outlook as a mere expert-related deadline.  The Court's broader deadline of "Designation of Witnesses, Experts and Exhibits"  was mistakenly typed as "*Deadline to Designate*

*Expert with Report and Exhibit (Do Not File Exhibits)*".  See Exhibit A,  Affidavit of Mauro F. Ruiz.   The undersigned counsel treats the missed deadline as a discovery-related deadline.   The undersigned counsel takes complete responsibility for this error.   Based on the incorrectly-labeled deadline, the narrow focus was on identifying an expert for trial who would testify regarding attorney's fees in federal court litigation, preserving the client's entitlement to this type of recovery in civil rights litigation.  Not the exhibits or witnesses.

6.      On August 28, 2020, Plaintiff filed its Expert Designation, identifying Mr. Dan Worthington as an expert on attorney's fees.  See Doc. 31.

7.      Even if the deadline had been correctly typed and labeled into Outlook, Plaintiff would not have been able to substantively comply with the deadline. This is because zero documents had been produced by GEO at this point.  Moreover, Plaintiff did not know who GEO would identify as its corporate representative(s) for trial regarding the complex nature of Mr. Maldonado's termination. *(To date, there have been 2393 documents produced between December 17, 2020,  and the preparation of this motion on January 27, 2021.)* Like Plaintiff, Defendant had not engaged in written discovery consisting of Interrogatories, Requests for Production and Requests for Admission before the Court's "Witness, Expert and Exhibit" deadline.

8.      Looking back to the summer of 2020 (and because hindsight is 20/20), the undersigned counsel also mistakenly read the "tea leaves" during  settlement negotiations with opposing counsel which started in early-to-mid June, thinking  resolution of the case was possible at such an early stage without having to engage in substantial discovery. (It is not uncommon for employment discrimination cases to be settled early with little or no

discovery.)   At that point, the undersigned counsel had not seen the significance of Defendant's counter-offer of July 31, 2020, which took approximately 45 days.   The undersigned counsel's decision to be patient and pursue resolution (even if it took longer than usual) given the uncertainties of litigating during a pandemic seemed  (at the time) to be the best option.  For that reason, very little had been done discovery-wise by August 28, 2020, deadline.

## B.     Relevant Factors

### (1) Danger of Prejudice to the Non-Movant.

9.      There is no danger of prejudice to GEO because the parties do not have a trial date. There is also no pre-trial conference date set.   Consequently, there are no deadlines imposed by Local Rule CV-16 (e), (f) or (g). In fact, supplementing the Court's "Witness/Expert/Exhibits" deadline is exactly the type of matter that  should be addressed by counsel as directed by this Court's scheduling order, which reads:

> **9. Pretrial Conference and Trial: A pretrial conference, if necessary, and the trial date will be determined at a later date by the District Court.  The parties must consult WDTX SA Div.  Local Rule CV-16(e)-(g) regarding <u>matters to be filed in advance of trial</u>.  At the time a trial date is set, the District Court will enter an Order setting pretrial deadlines.**

> See Doc. 22

10.    For example, Local Rule CV-16 (e) generally instructs parties **(at least fourteen (14) days before**) the scheduled trial, jury selection, docket call or the final pretrial conference) to:

---

**(3) stipulate facts;**
**(4) appropriate identification of each exhibit;**
**(5) name, address and telephone number of each**
**witness;**
**(6) witness testimony expected by deposition and**
**page/line references**;

**11.**    Assuming the Court finds fact issues after the dispositive motions deadline, the local rules envision the above matters be taken up by the parties as part of Local Rule CV–16's "Pre-Trial Conference; Scheduling and Management" fourteen (14) days before trial. Therefore, there is no prejudice to Defendant unless the above-referenced information is supplemented within 14 days of trial.

**12.**    It is likely that the Court's "Witness/Expert/Exhibits" Deadline will be the first deadline **both** parties will need to supplement at the end of the discovery period, which goes in late March.  The discovery deadline is March 26, 2021.

### (2) Length of the Delay and Impact on Court Proceedings

**13.**    This is the first Motion to Extend a deadline filed by Plaintiff.   Technically, the delay would be from August 28, 2020 to the present - five months.

**14.**    However, Plaintiff's first opportunity to review documents occurred during the Christmas break since Defendant provided documents  for the first time on December 17th. See Exhibit A.  Since then, two depositions have been taken (Jan. 14th and Jan 21st). The deposition transcripts (with exhibits), however, have not been provided by the court reporting firm.  Since the production of documents and after the depositions just a week ago, this will be the first opportunity for Plaintiff to have even had the opportunity to comply/supplement  the Court's "Witness/Expert/Exhibits" deadline.

**15.**    Plaintiff proposes that, if this extension is granted, the new deadline for Witnesses/Experts/Exhibits be set for 60 days *after* the deadline to file dispositive motion (currently set for May 28, 2021.).  Because dispositive motions are treated as "trials," this first "court proceeding" would take place after the dispositive motions deadline of  May 28, 2021 - approximately four (4) months away. Another way of looking at it is, depending on the Court's  rulings on dispositive motions, the additional time to extend this deadline or supplement may be moot.   Consistent with Local Rule CV-16 (d), there is no impact on Court proceedings because this matter is being filed before expiration of the March 26, 2021 discovery deadline - the closest deadline reflecting a "court proceeding" on the Court's scheduling order.   As previously noted, there are no other deadlines imposed by Local Rule CV-16 (e), (f) or (g) as referenced by the Court's Scheduling Order.

### (3) Reason for the Delay

**16.**    The undersigned counsel made a mistake as noted above in Section B.  Since the late summer throughout the fall and winter, Plaintiff has diligently engaged in discovery. In fact, Plaintiff propounded its Third Set of Request for Production earlier today.   Plaintiff will be taking additional deposition(s) between now and the discovery deadline.

### (4) Within the Reasonable Control of the Movant

**17.**    Yes. Proper labeling and calendering deadlines is clearly within the province of the undersigned counsel - not the client, Mr. Maldonado.  It was a clerical error which should have been caught by the undersigned counsel.  With respect to document production, however, in *Couglin v. Lee*, (5th Cir. 1991), the Fifth Circuit recognized that the Defendants in employment discrimination cases have exclusive control of vital documents:

> In Title VII litigation, in which plaintiffs are similarly required to demonstrate pretext, courts have customarily allowed a wide discovery of personnel files. All or some parts of these personnel files could be central to the plaintiffs' efforts to prove pretext. <u>The information contained therein may be in the exclusive control of the opposing party.</u>

See *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991).

**(5) Has Movant Acted in Good Faith**

18.    Movant is acting in good faith because it is raising this issue before the expiration of the discovery deadline. Plaintiff sought two avenues in order to accomplish meeting the deadline: (1) an Amended Scheduling Order with all new dates; and (2) Motion for Leave to Supplement the specific Witness/Expert/Exhibit Deadline. Both efforts were opposed by GEO.   See Exhibits J and K.

**C.    Court's Discretion**

19.    As shown above, the request for additional time to meet this Court's deadline for "Witnesses/Experts/Exhibits" is one which goes to the Court's discretion. The Western District's Local Rules envision disclosure of "Witnesses," "Exhibits" and "Page/Line" deposition transcripts closer to trial, it would benefit the parties to have an opportunity to address those matters some time between the Court's ruling(s) as to dispositive motions and the trial date selected by the Court, which presumably will be after the May 28th, 2021, deadline to file dispositive motions. The undersigned counsel asks that Mr. Maldonado be penalized for the mistake in labeling the Court's deadline.

## VI.  EXHIBITS

20.     Plaintiff incorporates by reference by following exhibits in support of this his Motion for Leave to Extend Time:

A.      Affidavit of Mauro F. Ruiz, Counsel for Plaintiff;

B.      Email forwarding demand dated June 18, 2020;

C.      Counter offer by Defendant dated July 31, 2020;

D.      Defendant's Initial Disclosures;

E.      Plaintiff's First Request for corporate representative dated August 28, 2020;

F.      Agreement to Extend GEO's deadline to respond to discovery;

G.      Transmittal letter of December 17, 2020;

H.      Transmittal letter of December 18, 2020;

I.      Transmittal letter of January 15, 2021;

J.      Conference letter dated January 11, 2021 (Amended Scheduling Order);

K.      Conference letter of January 12, 2021 (Leave to Supplement);

L.      Email of January 15, 2021; and

M.      Email of January 22, 2021.

## VII. CONCLUSION

21.     Therefore, based on the above, Plaintiff requests that this Court grant this motion, (1) allowing Plaintiff to supplement the Court's Witness/Expert/Exhibit deadline; (2) that said deadline be after the dispositive motion's deadline; and (3) the parties be allowed to amend this deadline as per the local rules of the Western District of Texas once a trial and pre-trial date is provided.

Respectfully submitted,

*/s/ Mauro F. Ruiz*
Mauro F. Ruiz
State Bar No. 24007960
Federal ID. 23774
Telephone: (956) 259-8200
Telecopier:   (956) 259-8203
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203

Carlos Yzaguirre
State Bar No. 24039254
**YZAGUIRRE LAW FIRM, PLLC**
6521 North 10th Street, Suite A
McAllen, Texas 78504
Telephone:   (956) 682-4308
Facsimile:     (956) 682-7864
carlos@cmylaw.com
**CO-COUNSEL FOR PLAINTIFF**

OF COUNSEL:
**YZAGUIRRE LAW FIRM, PLLC**
6521 North 10th Street, Suite A
McAllen, Texas 78504
Telephone:   (956) 682-4308
Facsimile:     (956) 682-7864

## CERTIFICATE OF CONFERENCE

I certify that I, Mauro F. Ruiz, conferred with defense counsel, and they are opposed to this motion.  See Exhibits L and M attached to this Opposed Motion.

*/s/ Mauro F. Ruiz*
Mauro F. Ruiz

## CERTIFICATE OF SERVICE

I hereby certify that on **February 2, 2021,** a true and correct copy of the above and foregoing was delivered to opposing counsel, to-wit:

Bridget Robinson
Jennifer Childress
**WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.**
P.O. Box 2156
Austin, Texas 78768
Telephone:    (512) 454-6864
Facsimile:    (512) 467-9318
brobinson@wabsa.com
jchildress@wabsa.com
**ATTORNEY FOR DEFENDANT**

Carlos Yzaguirre
State Bar No. 24039254
**YZAGUIRRE LAW FIRM, PLLC**
6521 North 10th Street, Suite A
McAllen, Texas 78504
Telephone:    (956) 682-4308
Facsimile:    (956) 682-7864
carlos@cmylaw.com
**CO-COUNSEL FOR PLAINTIFF**

_____/s/ **Mauro F. Ruiz**_____
Mauro F. Ruiz